**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

FILED

APR 0 1 2002

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Flynt Jules Lee

_____

_____

Plaintiff/Petitioner(s),

-vs-

(Warden) Donald Young,
(Com Sup) Mike Hicks
Melinda Fields (Bus.
Admin.)

Defendant/Respondent(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Docket No. 02-281-JPG
(To be supplied by the Clerk)

☒ **CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983
(State Prisoner)**

☐ **CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331
(Federal Prisoner)**

☐ **CIVIL COMPLAINT
pursuant to the Federal Tort Claims
Act, 28 U.S.C. §1346, 2671-2680**

I.   **JURISDICTION**

A.   Plaintiff's mailing address and/or register number and present place of confinement.

6665 STATE RT. 146 EAST, VIENNA
IL 62995 N95098

B.   Defendant   Donald Young   is employed as
(Name of First Defendant)
Warden - Chief Admin. Officer
(Position/Title)
with Illinois Dept. of Correction
(Employer's Name and Address)
6665 STATE RT. 146 EAST, VIENNA, IL 62995

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the
state, local or federal government?   Yes ☒   No ( )

If your answer is "yes", briefly explain:

Defendants are employees of the
Illinois Dept. of Correction

Rev. 2/00

1

C. Defendant _MIKE HICKS_ is employed as
(Name of Second Defendant)

_COMMISSARY SUPERVISOR_
(Position/Title)

with _SHAWNEE CORRECTIONAL CENTER_
(Employer's Name and Address)

_6665 STATE RT, 146 EAST, VIENNA, IL 62995_

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)    No ( )

If your answer is "yes", briefly explain:

_HEAD SUPERVISOR OF THE COMMISSARY_
_DEPARTMENT AT THE SHA. C.C._

D. Using the outline of the form provided, include the above information for any additional defendant(s).

_MELINDA FIELDS_
_BUSINESS ADMIN & COMM. HEAD SUP._
_SHAWNEE COR. CNT._
_6665 STATE RT. 146 EAST, VIENNA, IL_
_62995_

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes (X)    No ( )

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**

_ILLINOIS COURT OF CLAIMS_
_NO. 93 CC 1224_
_PROPERTY LOSS_
_DISPOSITION - AWARDED DAMAGES_

III. CONTINUED.

(2)  Flynn J Lee
     Ill DEPT OF CORR.
     Court of Claims
     Number : ?93cc.
     Comm. Robert H Reed
     Issue. Medical Negligence
     CASE DENIED
     Date Filing: 1995
     [illegible] W

(3)  Flynn J Lee
     Ill Dept of Corr.
     Central District Court
     NO. 96-3234
     Medical
     CASE. Summary Judgment-Denied

(4)  Flynn J Lee
     Ill DEPT OF CORR.
     Southern District
     Number ?
     CASE Ruled Frivolous.

1.  Parties to previous lawsuits:
    Plaintiff(s) _Flint Jules Lee_

    Defendant(s) _Illinois Department of Corrections_

2.  Court (if Federal Court, name the District; if State Court, name the County)
    _Court of Claims_

3.  Docket number _93 cc 1224_

4.  Name of Judge to whom case was assigned _Comm. R. H. Frith_

5.  Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)
    _Tort - Negligence_

6.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)
    _Judgment Award damages_

7.  Approximate date of filing lawsuit _Dec 1992_

8.  Approximate date of disposition _Dec 1999_

## III. GRIEVANCE PROCEDURE

A.  Is there a prisoner grievance procedure in the institution? _yes_

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
    Yes (X) No ( )

C.  If your answer is "yes",
    1.  What steps did you take? _filed with the Institutional inquiry Board and Administrative Review Board_

    2.  What was the result? _Will the Institutional Inquiry Board denied plaintiff's grievance — ARB - denied grievance_

D.  If your answer is "no", explain why not. _____
    _____
    _____

E.  If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes ( )    No ( )    _____

F.  If your answer is "yes",
    1.    What steps did you take? _____ *SEE ATTACHED SHEET*
    _____

    _____
    2.    What was the result? _____ *SEE ATTACHED SHEET*
    _____

    _____

G.  If your answer is "no", explain why not. _____ *N A*
    _____
    _____
    _____

H.  Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not:
    _____ *SEE ATTACHED*
    _____

## IV.  STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case.  State who, what, when, where and how you feel your constitutional rights were violated.  Do not cite cases or statutes.  If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.**  Additionally, attach any relevant, supporting documentation.

*THIS CASE COMES FORTH FOR THE INTENTIONAL CONDUCT AND KNOWLEDGEABLE ACTIONS OF EXPOSING PLAINTIFF TO A LIFE-THREATENING ENVIRONMENT, WHICH WILL CAUSE THE SHORTENING OF HIS LIFE WITHOUT LEGAL JUSTIFICATION AND IN CLEAR VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE U.S. CONSTITUTION: TO BE FREE FROM UNNECESSARY SUFFERING, AND TO HAVE A RIGHT TO LIFE, LIBERTY AND THE FUTURE PURSUET OF HAPPINESS.*

*PLAINTIFF SUFFERING IS DUE TO BEING*

F.

1. WHAT STEPS did you TAKE?

Q. Although A GRIEVANCE WAS FILED IN this MATTER, plaintiff Also Complained About this unHEALTH Living conditions To The Following:

A. Housing unit Counselors - (Gary Eicholzer)

B. LT. Rockwell

C. Nurse Wanda

D. C/o Warren

E. C/o Kern

F. LT. Houge

G. Director of Nurses

H. Health Care Administrator

I. Major of Security

J. Asst. Warden Pierres. (Date. 6-16-01)

K. Nurse Winters

L. Dr. David - (4-21-01)

M. Dr. Julye

N. C/o P. Bailey

O. Warden Youngs

P. LT Atkins.

Q. C/o Hammersley

R. Sgt Reeder

S. C/o Cagel - (Placement office supervisor)

T. C/o Sommers

U. Nurse Mary

V. Nurse Jason

2. What was the result?

Q

A Housing unit Counselor (Gary Eich-olzer), attempt to have smoking cellmate moved, but was unable to.

B. P. Bailey shookdown my cell, searching for cellmates smoking material - found it and issued him a disciplinary report for having smoking products in the Assigned Non-smoking cells.

NOTE

Prior to 6-4-01, the day P Bailey shook down my cell and found my

C.  Defendant  MIKE HICKS  is employed as
(Name of Second Defendant)
COMMISSARY SUPERVISOR
(Position/Title)
with  SHAWNEE CORRECTIONAL CENTER
(Employer's Name and Address)
6665 STATE RT, 146 EAST, VIENNA, IL 62995

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)        No ( )

If your answer is "yes", briefly explain:
HEAD SUPERVISOR OF THE COMMISSARY DEPARTMENT AT THE SHA. C.C.

D.  Using the outline of the form provided, include the above information for any additional defendant(s).
MELINDA FIELDS
BUSINESS ADMIN & COMM. HEAD SUP.
SHAWNEE COR CNT.
6665 STATE RT., 146 EAST, VIENNA, IL
62995

## II.   PREVIOUS LAWSUITS

A.  Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes (X)        No ( )

B.  If your answer to "A" is "yes", describe the lawsuit(s) in the space below.  (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.)  **Failure to comply with this provision may result in summary denial of your complaint.**
ILLINOIS COURT OF CLAIMS
NO. 93 CC 1224
PROPERTY LOSS
DISPOSITION - AWARDED DAMAGES

IP... CONTINUED.

(2)  Flynt J Lee
     Ill Dept of Corr.
     Court of Claims
     Number . ?93 cc.
     Commi. Robert H Pield
     Tort Medical Negligence
     Case Denied
     date filing: 1995
     *illegible* M

(3)  Flynt J Lee
     Ill Dept of Corr.
     Central District Court
     No. 96-3234
     Medical
     Case Summary Judgment Denied

(4)  Flynt J Lee
     Ill Dept of Corr.
     Southern District
     Number ?
     Case Ruled Frivolous

## GRIEVANCE OFFICER'S REPORT

Date Received: _____ Date of Review: _____

Committed Person: _____ Number: _____

Nature of Grievance: _____                    RECEIVED

Facts Reviewed: _On this date my Grievance Officer met with
inmate Lee. Inmate Lee recapitulated his written
grievance and expressed a genuine concern for his
health in regard to being subjected to second hand
smoke in the living unit. Inmate cited the
fact that the living unit while he does not have
a smoke free living unit and that being placed
in a non smoking cell does not alleviate entirely
his exposure to second hand smoke. He states
that he has a right to live in a smoke free
environment. Requested relief is to have a non-
smoking living._

_The inmate's written grievance and oral statements
were taken into consideration as well as a
Written response dated 4-16-01 from Maj Hutchinson
that stated that we have non smoking cells and that
he will contact the assignment office. Inmate states he
is in a non smoking cell but this does not resolve the problem._

Recommendation: _Based on all of the investied's information
this Grievance Officer finds this grievance has merit
and recommends approval with the stipulation that
The Warden determines appropriate action._

Grievance Officer: _____ _____
                    Signature        Print Name

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: _5-1-01_    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments: _I/m should be moved to non-smoking cell_

_____                              _5-1-01_
Chief Administrative Officer                 Date

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director; via the Administrative Review Board. I understand
this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_____                              _5-15-01_
Committed Person's Signature/Number          Date

DC 5857          Copy:  Original to the Master File .          ADMINISTRATIVE REVIEW BOARD
IL 428-17343                                                   1301 Concordia Court, P.O. Box 1627

May 4-01

( A-1 )

Warden Young.
SHAWNEE C.C.

IN RE: Non-smoking environment.

Dear Mr. Young.

This letter comesforth to address my
current disposition. I filed a grievance on
3-16-01, concerning being placed in a non-
smoking environment. (Not just a non-smoking
cell.) On 4-30-01, my grievance was heard
by the grievance officer, who agreed that
I should be placed in a non-smoking environ-
ment. For some unforeseen reason you concurred.
but stated 'I/m should be moved to non-smoking
cell.'

The nature of the grievance was to be placed
on a non-smoking deck. I am already in a
non-smoking cell

Warden Young, being placed in a non-smoking
cell does not stop the contamination from second

1.

hand smoke, when the entire environment is that of a smoke filled environment. Also, the grievance officer's recommendation clearly supports my grievance that I should be placed in a smoke free environment. I am currently in a non-smoking cell, but, I have been given a cellmate that smokes. This furthers the contamination.

Warden Young. I ask that with the grievance officer approving/supporting my grievance, that I be transferred to another institution that has a non-smoking wing, since ethnicee fails to offer such a wing.

Respectfully,

Curtis Lee

Copy of Letter to Warden.
5-4-01

2.

5-15-01

Administrative Review Board
1301 Concordia Court
P.O. Box 19277
Springfield, FL 62794-9277

In Re: Appeal of Grievance / Statement of Facts
And Issues For Consideration

STATEMENT
OF
FACTS

On 3-16-01, A Grievance was filed with
The Shawnee C.C. Inquiry Board for endanger
ment To my Health.

The Nature of The Grievance surrounded
The Failure of Shawnee C.C. to insure my
Health, by Failing to provide A Non-smoking
Environment. And, For Forcing me to live in
A Smoking Environment.

The issue was not that I be housed in a non-smoking cell (I am already in a non-smoking cell), but that a non-smoking wing/deck be created.

On 4-30-01, I received a hearing on the issues stated within my grievance. The grievance officer agreed with me and recommended my grievance be approved.

On 5-1-01, Warden Young concurred, but stated: "I/M should be moved to non-smoking cell."

"Issues" For Consideration

I.
Unhealthy Environment.

(1)
Being placed in a smoking environment endangers my health and, being an asthmatic, makes being placed in this environment even more dangerous.

(2).
Second hand smoke is being proven to cause lung cancer. Just to attempt to have non-smoking cells do not take

away the irritants, while the environment and surroundings are both saturated with cig smoke.

The cells do not prevent the second hand smoke and the contamination from endangering my life. The ventilation system does not prevent the contamination.

### II.

Right to life, liberty and future pursuit of happiness.

The current contamination/endangerment serves no basis for my incarceration, nor, can such be a part of my incarceration. The endangerment will disrupt my future life, liberty and happiness.

### Conclusion:

Wherefore, I pray that this situation will be corrected and a non-smoking wing be created. Also, that the dangerous environment created will be corrected

Respectfully,

*[signature]*

## Affidavit

Please be Advised that the contents and text of this appeal is correct in all, to the best of my knowledge and belief. Further, that I am the party being placed in this dangerous environment.

*[signature]*

Subscribe and sworn before me on this 21 day of May 2001.

*[signature]*
Notary Public

"OFFICIAL SEAL"
LEANNE PATE
Notary Public, State of Illinois
My Commission Exp 01/17/2003



**George H. Ryan**
Governor

## Illinois
### Department of
## Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

July 6, 2001

Flynt J. Lee
Register No. N95098
Shawnee Correctional Center

Dear Mr. Lee:

This is in response to your grievance received on May 30, 2001, regarding Cell Assignment-non-smoking, which was alleged to have occurred at Shawnee Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated April 30, 2001 and approval by the Chief Administrative Officer on May 1, 2001 have been reviewed.

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____
Leora Harry
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden Donald S. Young, Shawnee Correctional Center
Flynt J. Lee, Register No. N95098
Chron. File

## COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 5-15-01 | Committed Person: Flynt i Lee _(Please Print)_ | ID #: B25028 |
|---|---|---|
| Present Facility: Ziff Hw Mee | Facility where grievance issue occurred: Tff Hw Mee | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Restoration of Good Time
- ☐ Disciplinary Report - Date: _____

- ☐ Mail Handling
- ☐ Dietary
- ☐ Medical Treatment

- Transfer Denial:
- ☐ By Transfer Coordinator
- ☐ By Institution
- Where Issued: _____

- ☐ Disability
- ☒ Other _Endanger ment of hea...

**PAGE 1 -** Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

**PAGE 2 -** Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

### THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: This grievance addresses the endanger-
ment being imposed upon my health by the Shawnee
Cor. Cnt. by forcing me to live in a environment
that impose a life-threatening condition, and will
disrupt my future right to have a full life.

I am forced to live in a environment, cell
that is contaminated with second hand smoke.
I am in a non-smoking cell but have been
forced to live/cell with a inmate who smokes.
The Shawnee is going to refuse to provide
a non-smoking cell, and attempt to establish
that non-smoking cells it must insure that
non-smoking individuals are cellmate.

I am a severe asthmatic who take daily
steroids for my asthmatic condition, along with
other asthma medication. To force a smoking
inmate in the cell with me endangers my
health and future health.

Relief Requested: (1) That the cellmate currently in my
cell be removed (2) That a non-smoking inmate
be put in my cell.

_(Attach additional pages, if necessary.)_

---

### COUNSELOR'S RESPONSE

Date Received: 6/8/01

Response: Response from security (maj) requested 6/11/01
Response received 6/22/01. Until resolve. In-
mate wishes to continue grievance process.

Counselor: _[signature]_    Gary Eichelzer    6/25/01
                Signature          Print Name      Date of Response

☐ Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

## GRIEVANCE OFFICER'S REPORT

Date Received: _7-17-01_          Date of Review: _7-17-01_

Committed Person: _Flint Lee_          Number: _N95098_

Nature of Grievance: _Safety & Sanitation - Non Smoking cell_

Facts Reviewed: _Inmate alleges his cellmate smokes
and he is incarcerated with second-hand
smoke. Inmate wants a cellmate who
does not smoke._

_(Response from Mary States inmate is in
a non-Smoking cell. Assignment Officer
States both inmates have signed "non-
Smoking contracts._

RECEIVED

SHAWNEE CORR. CTR
GRIEVANCE OFFICER

_File review conducted, based on above_

Recommendation: _Based upon I/M above, grievance denied._

Grievance Officer: _____          _____
                    Signature                        Print Name

---

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: _7-18-01_     ☑ I concur     ☐ I do not concur     ☐ Remand

Comments: _____

RECEIVED

JUL    2001

SHAWNEE CORR. CTR
GRIEVANCE OFFICER
_7-18-01_

_____
Chief Administrative Officer          Date

---

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_____          _____
Committed Person's Signature/Number          Date

DC 5657          Copy: Original to the Master File          ADMINISTRATIVE REVIEW BOARD
IL 426-17343                                              1301 Concordia Court, P.O. Box 19277
                                                         Springfield, IL 62794-9277

**COMMITTED PERSON'S GRIEVANCE REPORT**

| Date: 5-22-01 | Committed Person: (Please Print) Flynt J. Lee | ID #: N95098 |
|---|---|---|
| Present Facility: SHAwnee | Facility where grievance issue occurred: SHAwnee | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date:
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution

Where issued: _____

- [ ] Disability
- [x] Other Denial of the Right to life, liberty, and future persuit

**PAGE 1 -** Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

**PAGE 2 -** Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: This grievance contests to address the dangerous life-threatening conditions of the Shawnee c.c. Cut Housing wing, due to (ETS) Environmental Tobacco Smoke / second hand smoke And the total refusal of warden young (C.A.O) to secure and insure my overall safety health and well-being by not insuring a smoke-free environment, and for not insuring that the alleged non-smoking cells are kept free from (ETS) second hand smoke, or direct contact with second hand smoke / ETS.

Although I am in a non-smoking cell, my safety health and well-being is being placed in jeopardy due to ETS/ second hand smoke. How? As I sit in my cell I can smell the smoke coming from the cell adjacent to my cell - by the smoke coming through the ventilation ducks. in my cell.

Allegedly cells 12-24 are suppose to be all non-smoking, but smokers are in 99% percent of the alleged non-smoking cells.

Relief Requested: That corrective steps be taken to remedy the dangerous life-threatening condition.

(Attach additional pages, if necessary.)

**COUNSELOR'S RESPONSE**

Date Received: 5/25/01

Response: Unable to resolve, inmate wishes to pursue Response from executive (warden's office) required 6/13/01. Unable to resolve. Inmate wishes to continue out grievance process.

| Counselor: Gary Echoler (Signature) | Gary Echoler (Print Name) | 6/13/01 (Date of Response) |
|---|---|---|

- [ ] Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

## GRIEVANCE OFFICER'S REPORT

Date Received: 6-20-01   Date of Review: 6-20-01

Committed Person: Flynt Lee   Number: N95098

Nature of Grievance: Conditions - Other

Facts Reviewed: Inmate alleges even tho he is assigned to a non-smoking cell, he is subjected to second-hand smoke thru vents etc. Inmate requests corrective action be taken to remedy this situation.

This review conducted, found in absentia.

Major responded that the Warden has designated non-smoking cells in all units. Inmate is in a non-smoking cell. Officers search these cells on a regular basis for tobacco products.

Recommendation: Based upon the above, I recommend the grievance be denied.

Grievance Officer: _signature_   JEAN MARTIN
Print Name

### CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: 6-21-01   ☑ I concur   ☐ I do not concur   ☐ Remand

Comments:

RECEIVED

Chief Administrative Officer   Date 6-21-01

### COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

Committed Person's Signature/Number N95098   Date

DC 5657
IL 426-17343   Copy: Original to the Master File

ADMINISTRATIVE REVIEW BD.
1801 Concordia Court, P.O. Box
Springfield, IL

**COMMITTED PERSON'S GRIEVANCE REPORT**

| Date: 5-22-01 | Committed Person: (Please Print) Flynt J. Lee | ID #: N95098 |
|---|---|---|
| Present Facility: SHA | Facility where grievance issue occurred: SHA | |

**NATURE OF GRIEVANCE:**

| | | Transfer Denial: | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☐ By Transfer Coordinator | ☒ Other Denial o |
| ☐ Restoration of Good Time | ☐ Medical Treatment | ☐ By Institution | THE C.A.O TO |
| ☐ Disciplinary Report - Date: ___ | | Where Issued: ___ | insure my saf Health and Well-being |

**PAGE 1** - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline are directly to Grievance Officer.

**PAGE 2** - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: THE C.A.O (WARDEN Young) HAS Failed IN his responsibility to insure A NON-contaminated ENVIRONMENT, And the C.A.O is fully AWARE that this condition is Active.

To Further the dangerous environment, the C.A.O has Failed to insure that the Ventilation system ducks in the cell's ARE CLEANED; which, Furthive's the contamination and dangerous conditions.

**II.**

**DENIAL OF ALOTTED RECREATION**

Due to the current ETS/second hand smoking environment, I am being Forced to Forego my ALOTTED dayroom period. The only partial non-smoking environment is my cell. But, being Forced to stay in my cell infringes upon my right to ALOTTED dayroom time. By being in a institution that is on a 18 hr. A day lockdown; and only ALOTTED four out of my cell, being Forced to stay inside my cell is totally A infringement on my rights to ALOTTED dayroom time

Relief Requested: _____

_____

_____

(Attach additional pages, if necessary)

**COUNSELOR'S RESPONSE**

Date Received: _____

Response: _____

_____

_____

Counselor: _____

| Signature | Print Name | Date of Response |

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfer from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

## COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 5-22-01 | Committed Person: (Please Print) Flint S Lee | ID #: N95098 |
|---|---|---|
| Present Facility: SHA | Facility where grievance issue occurred: SHA | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date:
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution

Where Issued: _____

- [ ] Disability
- [X] Other DANGEROUS ENVIRONMENT! TO ETC/SECOND HAND SMOKE!

**PAGE 1 -** Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline are forwarded directly to Grievance Officer.

**PAGE 2 -** Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: THIS INFRINGEMENT BEING FORCED IS due to the FAILURE OF the C.A.O to provide a SMOKE FREE ENVIRONMENT By the C.A.O'S FAILURE to provide a NON-SMOKING WING AND INSURING A SMOKE FREE ENVIRONMENT HE'S FAILING to INSURE MY HEALTH, SAFETY AND WEL-being

Relief Requested: _____

(Attach additional pages, if necessary)

### COUNSELOR'S RESPONSE

Date Received: _____

Response: _____

Counselor: _____
Signature          Print Name          Date of Response

- [ ] Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1



**George H. Ryan**
Governor

**Illinois**

**Department of**

**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 10, 2001

Flynt Lee
Register No. N95098
Shawnee Correctional Center

Dear Mr. Lee:

This is in response to your grievance received on June 28, 2001, regarding conditions (second hand smoke), which was alleged to have occurred at Shawnee Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated June 20, 2001 and approval by the Chief Administrative Officer on June 21, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD:

Leora Harry
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Donald N. Snyder, Jr.
Director

cc:    Warden Donald S. Young, Shawnee Correctional Center
Flynt Lee, Register No. N95098
Chron. File

Forced to inhale ETS (Environmental Tobacco Smoke) and the chemicals being released from the second hand smoke.

Although plaintiff is Assigned to a Non-Smoking cell, he has been forced to endure a direct dosage of second hand smoke, by having a cellmate who was a heavy smoker on two different occassions. totaling 2 months And 12 days of being exposed to ETS - the chemicals from second hand smoke.

Plaintiff exposure to ETS/second hand smoke was due to the defendants Refusal to insure the Assigned Non-Smoking housing placement were kept free from Tobacco products - Due to the following:

A.
The defendants Refusal (After Knowledge on violation) to insure that non smoking individuals were Assigned And housed in the non-smoking housing placement

B.
The defendants Refusal (After Knowledge of violation) to insure smoking products were kept out of the Assigned non-smoking cells.

C.
The defendants Refusal (After Knowledge of violation) to keep plaintiff free of non-smoking cellmates, And Refusing to Remove them after knowledge.

D.
For the defendants knowledge that smoking products were being Allowed, And for Refusing to insure that smoking products were not sold to inmates, housed in non-smoking cells.

Plaintiff's exposure to the ETS/second
hand smoking is/was at all times en-
couraged, Facilitated, promoted, and
perpetuated by the defendant Failure
to insure proper Ventilation, to seperate
Non-smokers from the smoking environ-
ment

6.

## V.   REQUEST FOR RELIEF

State exactly what you want the Court to do for you.  If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example:  illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

(1)  THAT AN INJUNCTIVE ORDER BE ISSUED to stop the selling of smoking materials to inmates housed in non smoking cells

(2)  That the designated non smoking cells (12-24 on EA housing unit) be ordered to house non-smoking individuals -

## VI.   JURY DEMAND *(check one box below)*

The plaintiff does ☒   does not ☐   request a trial by jury.  *(See* Fed.R.Civ.P. 38.)

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure.   The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this _____ day of _____, 20____.

_____
                                    Signature of Plaintiff

_____
                                    Signature of attorney, if any

(3)

For the Refusals of the defendants, which caused plaintiff to be exposed to ETS, chemicals from ETS/second hand smoke, plaintiff seeks compensatory and punitive damages in the amount of $25.000.00 dollars.

(4.) (Plaintiff being severe Asthmatic)

For exposing plaintiff already unhealthy lungs to chemicals that will cause further lung damage, and even shortening of his life by possibly causing and added lung diease, plaintiff seek compensatory and punitive damages in the amount of $50.000.00 dollars.

(5.)

For forcing the plaintiff to endure a direct dosage of second hand smoke ETS, by forcing him to live with (2) different smoking inmates for a period totalling 2 month and 12 days, and for Refusing to remove them

8.

After learning that the two cellmates were smokers, plaintiff seeks compensatory and punitive damages in the amount of $25.000.00 dollars.