REVISED COMPLAINT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

DEC 2 6 2002

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Elgin Jules Lee _____ )
_____ )
_____ )
_____ )
_____ )
_____ )
              Plaintiff/Petitioner(s), )
                                       )
                 -vs-                  )
Steven Cagle _____ )
Donald N. Snyder _____ )
_____ )
_____ )
_____ )
_____ )
        Defendant/Respondent(s). )

Docket No. 02 - 281 - JPG
(To be supplied by the Clerk)

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983
(State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331
(Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims
Act, 28 U.S.C. §1346, 2671-2680

## I.   JURISDICTION

A.   Plaintiff's mailing address and/or register number and present place of confinement.

66605 State Rt, 146 East
Vienna, Il 62995

B.   Defendant  Steven Cagle  is employed as
(Name of First Defendant)

Housing & Cell placement supervisor
(Position/Title)

with  Shawnee Correctional Center
(Employer's Name and Address)

66605 State Rt, 146 East, Vienna, Il 62995

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (✓)      No ( )

If your answer is "yes", briefly explain:

It's employed by the Illinois Department of Correction

C.    Defendant _Donald N. Snyder_ is employed as

(Name of Second Defendant)

_DIRECTOR OF THE Illinois Dept OF Correction_

(Position/Title)

with _Illinois Department of Correction_

(Employer's Name and Address)

_1301 Concordia Court PO B 19277, Springfield_
_ILL 62 194-9277_

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (✓)         No ( )

If your answer is "yes", briefly explain:

_THE Illinois Department of Correction_

_____

_____

_____

D.    Using the outline of the form provided, include the above information for any additional defendant(s).

_____
_____
_____
_____
_____
_____
_____
_____
_____

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes (✓)         No ( )

B.    If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

_Illinois Court of Claims_
_NO. 98 CC 1224_
_Property loss_
_Disposition - Awarded damages._

1.  Parties to previous lawsuits:
    Plaintiff(s) _First Chales Lee_

    Defendant(s) _Illinois Department of Correction_

2.  Court (if Federal Court, name the District; if State Court, name the County)
    _Court of Claims_

3.  Docket number _93 CC 1224_

4.  Name of Judge to whom case was assigned _Comm. P.H. Reid_

5.  Type of case (for example Was it a Habeas Corpus or Civil Rights action?)
    _tort negligence_

6.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)
    _Judgment Award damages_

7.  Approximate date of filing lawsuit _Dec 1992_

8.  Approximate date of disposition _Dec 1999_

## III.  GRIEVANCE PROCEDURE

A.  Is there a prisoner grievance procedure in the institution? _yes_

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
    Yes (X)  No ( )

C.  If your answer is "yes",
    1.  What steps did you take? _Filed A grievance with the IIB And ARB_

    2.  What was the result? _All rights Denied on several of the grievance but one grievance was granted by the IIBoard_

D.  If your answer is "no", explain why not. _____
    _N/A_

Ill . (continued)

(2)
Plaint ﬀ Lee
Ill Dept of Corr.
Court of Claims
Number : ?43cc
Court: Robert H Paul
Tort Medical Negligence
Case Denied
Date Filing: 1995
Dismissal ?

(3)
Plaint ﬀ J Lee
Ill Dept of Corr.
Central District Court
No. 96-3234
Medical
Case: Summary Judgement Denied

(4) Plaint ﬀ J Lee
Ill Dept of Corr.
Southern District
Number ?
Case Ruled Frivolous

III. Continued.

(5) [illegible] Lee  (a DOC )
    Illinois Court of Claims
    Number  02 CC 1254
    negligence - (tort)
    Case. still pending / Denied
    date filed 11-05-01

(6)  Floria J Lee
    Ill. Dept. of Corr.
    Illinois Court of Claims
    Number: 02 CC 2248
    NEGLIGENCE — (tort)
    Case. still pending

None.

    Plaintiff have not had these complaints
    Ruled frivolous by any court

E.  If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes ( )  No ( )  *N/A*

F.  If your answer is "yes",
    1.  What steps did you take?  *See Attached sheet*

    2.  What was the result?  *See attached sheet*

G.  If your answer is "no", explain why not. _____
    _____ *N/A* _____

H.  Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not:
    *See Attached*

## IV.  STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.** Additionally, attach any relevant, supporting documentation.

*The facts in this case are that the defendant(s) participated in endangering plaintiff's life, future and present health & safety by refusing, neglecting disregarding, and intentionally delaying to provide plaintiff w/ adequate agreed upon non smoking housing which has kept full of smoke, and smoking practices all intended caused the plaintiff to suffer inhaling secondhand smoke, etc. and all inhaled chemicals, which in turn caused plaintiff to suffer negative side effects.*

*Defendant Steven Cagle, placement office supervisor who's responsible for housing and cell placement*

F.

1. WHAT STEPS did you TAKE?

9. AlThough A GRIEVANCE was filed in this MATTER, PlAINTIFF Also CompIAINED About this UNHEAlTh Living conditions To The Following:

   A. HOUSING UNIT COUNSELORS - (GARY EICHOLZER)

   B. LT. ROCKWELL

   C. NURSE WANDA

   D. C/O WARREN

   E. C/O KERN

   F. LT. HOUGE

   G. DIRECTOR OF NURSES

   H. HEAlTh CARE ADMINISTRATOR

   I. MAJOR OF SECURITY

   J. Asst. WARDEN PIERCE, (DATE 6-16-01)

   K. NURSE WINTERS

   L. DR. DAVID - (6-21-01)

   M. DR. JULGE

   N. C/O P. BAILEY

   O. WARDEN YOUNGS

P. LT ATKINS

Q. C/O HAMERSELY

R. SGT REEDER

S. C/O CAREL - (PLACEMENT OFFICE SUPERVISOR)

T. C/O SOMMERS

U. NURSE MARY

V. NURSE JASON

2. WHAT WAS THE RESULT?

Q.

A. Housing UNIT COUNSELOR (GARY EICH-OLZER), ATTEMPT to HAVE SMOKING CELLMATE MOVED, BUT WAS UNABLE TO.

B. P BAILEY SHAKEDOWN MY CELL. SEARCHING FOR CELLMATES SMOKING MATERIAL. FOUND IT AND ISSUED HIM A DISCIPLINARY REPORT FOR HAVING SMOKING PRODUCTS IN THE ASSIGNED NON-SMOKING CELL.

NOTE
   PRIOR to 6-4-01, THE DAY P BAILEY SHAKEDOWN MY CELL AND FOUND MY

Cellmate's on King materials, I had
complained about having said in the
official forum of filing a grievance
on 5-15-01 (see attach grievance)


NOTE 2

ON 6-8-01, Cellmate (Delbert Jerks - N51775)
was sent before the program hearing
board to hear the disciplinary Report
written on 6-4-01, by c/o P. Bailey.


NOTE 3

ON 6-15-01, I filed a grievance against
the program hearing officer (LT Rock
Well) For Refusing to put in an order
to have my cellmate Removed from
the cell.


NOTE 4

After a near altercation with my
cellmate about smoking in the cell,
(In the time period June) c/o Soumers
Inform me that I should hold on
And he would have my cellmate
move   on 6-22-01, my cellmate
was finally moved.

KNEW PLAINTIFF ~~AND THOVANNY~~ NEILLAM (2) WAS SUPPOSED TO BE PLACED ON THE MEDICAL WING. (3) THAT THREE NON SMOKING HOUSING PLACEMENT CONTRACTS ON FILE IN HIS OFFICE (4) WAS INFORMED BY THE MEDICAL DEPARTMENT THAT PLAINTIFF MUST BE IN A NON-SMOKING CELL (ON THREE (3) SEPERATE OCCASIONS), BUT, PLACED PLAINTIFF IN A LIFE THREATENING ENVIRONMENT ON THREE (3) DIFFERENT OCCASIONS.

**1.**

DEFENDANT STEVEN CAGLE REFUSED TO REMOVE PLAINTIFF'S SMOKING CELLMATE, FORCING PLAINTIFF TO ENDURE, SUFFER INHALING ETS, SECONDHAND SMOKE AND ALL INCLUDED DANGEROUS LIFE-THREATENING CHEMICALS FOR 2 MONTHS; EVEN AFTER BEING INFORMED BY TWO OF HIS FELLOW EMPLOYEES THAT PLAINTIFF'S CELLMATE WAS A SMOKER.

**2.**

BY MOVING PLAINTIFF IN A DESIGNATED NON SMOKING CELL WITH A HEAVY SMOKER AND REFUSED TO REMOVE PLAINTIFF FOR 12 DAYS. AND, EVEN DELAYED MOVING PLAINTIFF AFTER CONTACTED BY THE NURSE FROM THE MEDICAL DEPARTMENT (ON TWO OCCASIONS).

**3.**

BY MOVING PLAINTIFF INTO A DESIGNATED SMOKING CELL (EVEN THOUGH SEVERAL NON-SMOKING CELLS WERE FILLED WITH SMOKERS), WITH A SMOKER FOR 30 DAYS. AND ON THE THIRD OCCASION REFUSED TO REMOVE PLAINTIFF EVEN AFTER CONTACTED BY THE NURSE FROM THE MEDICAL DEPARTMENT.

DEFENDANT STEVEN CAGLE HAS INSURE THAT THE PLAINTIFF SUFFERED LIFE-THREATENING ENVIRONMENT BY REFUSING INTENTIONALLY DISREGARDED TO PERFORM HIS REQUIRED JOB RESPONSIBILITIES.

DEFENDANT DONALD N. SNYDER, DIRECTOR OF THE ILLINOIS DEPT. OF CORRECTIONS, AND RESPONSIBLE FOR THE CONDUCT, ACTIONS OF ALL THE DEFENDANTS. (1.) FAILED TO ADEQUATE SUPERVISE, DIRECT, INSTRUCT AND CAUSE THE APPROPRIATE TRAINING OF THE DEFENDANTS (2.) REFUSED TO INSURE SAID DEFENDANTS DID NOT INFRINGE, DENY OR DISRUPT THE PLAINTIFF'S CONSTITUTIONAL RIGHTS BY ENFORCING STRICT RULES

(3.) And, The defendant Donald N Snyder disregarded plaintiff formal complaints against the defendant suffer the plaintiff to shortening, life-threatening, life-threatening environment (4.) The defendant Donald N Snyder had a responsibility to the plaintiff to insure his employees; were following their job description, and not infringing upon the plaintiff rights to a healthy, habilitative environment.

(5.) Defendant Donald N Snyder, Refused, disregarded from inhaling secondhand smoke; ETS and all included chemicals, by not insuring plaintiff had when defendant Donald N Snyder was aware that 90% of the windows in plaintiff institution are broken (6) And, defendant Donald N Snyder, Failed, Neglected, disregarded to insure plaintiff written complaints were being addressed timely, when the defendant knew plaintiff's current place of confinement (the inhumane (or unit)) had a serious problem with destroying the inmate grievance. (A bag of grievance were found thrown out, on side the pond outside of the prison.)

## V.   REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example, illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

(1.) That a injunctive order be issued by this court to force / compell the defendants to (A.) House only non smoking inmates in the designated non-smoking cells (B.) That no non-smoking inmates with non-smoking smoking contracts be housed in smoking cells (C.) That separate ventilation systems be set up in the non-smoking cells to prevent the second hand smoke contamination from the smoking area (D.) That the defendants repair the cell windows (being that

## VI.   JURY DEMAND *(check one box below)*

The plaintiff does ☑    does not ☐    request a trial by jury. *(See Fed.R.Civ.P. 38.)*

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 17 day of DEC. , 2002.

_____
Signature of Plaintiff

_____
Signature of attorney, if any

Rev 2/00

- 6 -

90% OF THE CELL windows ARE broken)

(2.)
For THE denials, Refusals, neglects, intentionally disregards of THE defendants, which caused him to suffer A life-threatening environment, possibly shortening plaintiff life and future Health, and damage to his already unhealthy lung condition, plaintiff seeks Compensatory and punitive damages in THE of $250,000.00 dollars.

(3)
For THE defendants intentionally Refusing to insure THE contractual Agreed upon housing was upheld, and for continuing to endanger the plaintiff health & safety, even after being made aware of the pending dangerous Condition to the plaintiff, THE plaintiff seeks Compensatory and punitive damages in THE Amount of $250,000.00 dollars.

(4.)
For Any future illness that may develop As A Result of plaintiff exposure to the life-threatening environment, plaintiff seeks Damages in THE Amount of $1.million dollars.

**COMMITTED PERSON'S GRIEVANCE REPORT**

1A-14

| Date: 3-16-01 | Committed Person: (Please Print) Flynt J. Lee | ID #: N95098 |
|---|---|---|

| Present Facility: Shawnee C.C. | Facility where grievance issue occurred: SHA-1-A Wing |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Restoration of Good Time
- ☐ Disciplinary Report - Date: _____

- ☐ Mail Handling
- ☐ Dietary
- ☐ Medical Treatment

Transfer Denial:
- ☐ By Transfer Coordinator
- ☐ By Institution

- ☐ Disability
- ☒ Other Emergency Next to Health.

Where issued: _____

**PAGE 1 -** Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

**PAGE 2 -** Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: This GRIEVANCE ADDRESSES the UN Healthy Conditions And dangerous Conditions being forced upon me by the Shawnee COR CVI C.A.O.

I AM A NON SMOKER who is forced to live in A SMOKING ENVIRONMENT.

To force me to dwell in A SMOKING ENVIRONMENT when its been proven that second hand smoke causes Cancer is totally illegal and clearly endangering my safety, Health And Well being.

To just Assign A Few cells is not taking away the dangerous Environment As long As I Am force to be in the SAME ENVIRONMENT As Smokers I'm being forced to Suffer Against my will the chance of Catching Cancer.

Being A severe Asthmatic, even Furthers this threat to my safety, Health And Well being

Relief Requested: That A NON-SMOKING DECK be implemented.

_(Attach additional pages, if necessary.)_

**COUNSELOR'S RESPONSE**

Date Received: 4/2/01

Response: Response requested from the Major on 4/4/01 Unable to resolve, inmate unable to pursue

Counselor: _[signature]_ | Gary Eicholzer (Print Name) | 4/19/01 (Date of Response)

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

May 4-01

Wandell Young.
SHAWNEE C.C

In Re: Non-smoking environment

Dear MR. Young.

This letter comes forth to address my
current disposition. I filed a grievance on
3-16-01, concerning being placed in a non-
smoking environment. (Not just a non-smoking
cell) On 4-30-01, my grievance was heard
by the grievance officer, who agreed that
I should be placed in a non smoking environ
ment for some unforeseen reasons your comment.
but stated 'I/M should be moved to non smoking
cell.'
    The nature of the grievance was to be placed
on a non-smoking deck if not already in a
non-smoking cell.
    Wandell Young, being placed in a non-smoking
cell does not stop the contamination from second

1.

Like smoke, but similar to that of a smoke filled environment. Also, the grievance officer's recommendation already supports my grievance that I should be placed in a smoke FREE environment. I am currently in a non-smoking cell, but, I have been given a cellmate that smokes. This reinforces the contamination.

Warden Young, I ask that with the grievance officers Approving/supporting my grievance, that I be transferred to another institution that has a non-smoking wing, since _____ fails to offer such a wing.

Respectfully,

_____

Copy of Letter to warden.
5-4-01

2.

Administrative Review Board
1301 Concordia Court
P.O. Box 19277
Springfield, IL 62794-9277


In Re: Appeal of Grievance. /Statement of Facts
And Issues, For Consideration


STATEMENT
OF
Facts


On 3-16-01, A Grievance was filed with
The Shawnee C.C. Inquiry Board For endanger-
ment to my Health.

The Nature of the Grievance surrounded
The Failure of Shawnee C.C. to insure my
Health, by Failing to provide a clean ourright
Environment. And, For forcing me to live in
A Smoking Environment.

THE Issue was not that I be housed in a non-smoking cell (I was already in a non-smoking cell), but that a non-smoking wing both be offered.

On 4-30-01, I received a hearing on the issues stated would my grievance. The grievance officer agreed with me and recommended my grievance be approved.

On 5-1-01, warden Young concurred, but stated: 'I/m should be moved to non-smoking cell.'

Issues' For Consideration
I.
Unhealthy environment.

(1)
Being placed in a smoking environment endangers my health and having a serious health condition, makes being placed in a smoking environment even more dangerous.

(2). Second hand smoke is known proven to cause lung cancer. Due to attempt to house non-smoking cell do not take

environment and second-hand smoke are being transmitted with this cell.

The cells do not prevent the second hand smoke and the contamination from endangering my life. The ventilation system does not prevent the contamination.

## II.

Right to life, liberty and future pursuit of happiness.

The current contamination/endangerment serves no basis for my incarceration, nor can such be a part of my incarceration. The endangerment will disrupt my future life, liberty and happiness.

## Conclusion

Wherefore, I pray that the situation will be corrected and a new situation will be created. Also, that the dangerous environment created will be corrected

B )

COMMITTED PERSON'S GRIEVANCE REPORT #80

| Date | Committed Person: | Id # |
| Present Facility | | Facility where grievance issue occurred |

NATURE OF GRIEVANCE:

[ ] Personal Property [ ] Mail Handling   Transfer Denial: [ ] Disciplinary
[ ] Staff Conduct [ ] Dietary   [ ] By Transfer Coordinator [ ] Other
[ ] Restoration of Good Time [ ] Medical Treatment   [ ] By Institution
[ ] Disciplinary Report - Date: _____   Where Issued: _____

STAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

STAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Relief Requested: _____

_____

(Attach additional pages if necessary)

COUNSELOR'S RESPONSE

Date:
Received:

_____

_____

_____

Counselor _____   _____   _____
(Signature)                    (Print Name)              (Date of Response)

[ ] Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and/or denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

DC 1

EXHIBIT - 1

**COMMITTED PERSON'S GRIEVANCE REPORT**

| Date: 5-27-01 | Committed Person: (please Print) Thomas A Lee | ID #: B35808 |
|---|---|---|
| Present Facility: Shawnee | Facility where grievance issue occurred: Shawnee | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date: _____
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution

Where issued: _____

- [ ] Disability
- [X] Other _Denial of the Right to live Healthy and future problem_

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline are directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: _This grievance concerns to address the dangerous life threatening conditions of the Shawnee Cor Cent However due to (its) Environmental Tobacco smoke / second hand smoke and the total picture of wanton disregard (C.M.O) to secure and insure my overall safety Health and well being by not insuring a smoke free environment and for not insuring that a Alleged non-smoking cells' are Kept Free from ETS) second hand smoke or direct contact with tobacco and tobacco products etc. Additionally I am in a non-smoking cell my safety Health and well being is being placed in jeopardy due to ETS / second hand smoke How Here I sit in my cell I can smell the smoke coming from the cell adjacent to my cell - by the smoke coming through the ventilation ducts in my cell._

_Allegedly cells 12-24 are suppose to be All non-smoking but smokers are in 99% percent of the alleged non-smoking cells._

Relief Requested: _That Corrective steps be taken to Remedy the dangerous Life-threatening conditions_

(Attach additional pages, if necessary)

---

**COUNSELOR'S RESPONSE**

Date Received: 5/29/01

Response: _Unable to resolve grievance, under to ensure response. Your counselor caught in effect since 6/1/01. Unable to write further council to be in contact with grievance process._

Counselor: (Signature) Gary Echelson    (Print Name) Gary Echelman    (Date of Response) 6/13/01

- [ ] Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

## COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 6-27-01 | Committed Person: (Please Print) Hunt J. Lee | ID #: 03500 |
|---|---|---|
| Present Facility: N/A | Facility where grievance issue occurred N/A | |

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date

- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution

Where issued: _____

- [ ] Disability
- [x] Other _Denial o_ the O.A.L. to provide and ____ Health and rel ___

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline are directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: The C.A.O (warden Young) has failed in his responsability to insure a non-dangerous environment, And, the C.A.O is fully aware that this condition is active.

To further this dangerous environment, the C.A.O has failed to insure that the ventilation system ducts in the cells are cleaned; which furthers the contamination and dangerous conditions.

II.

DENIAL OF ALLOTED RECREATION

Due to this current ETS/second hand smoking environment I am being forced to forego my alloted dayroom period. The only partial non-smoking environment is my cell, but, being forced to stay in my cell interferes upon my right to alloted dayroom time. By being in a institution that is on a 18 hr. a day lockdown, and only allowing club out of my cell, being forced to stay inside my cell is totally a infringement on my right to alloted dayroom time

Relief Requested: _____

_(Attach additional pages, if necessary.)_

### COUNSELOR'S RESPONSE

Date Received: _____

Response: _____

Counselor: _____

| Signature | Print Name | Date of Response |

- [ ] Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

## COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 5-22-01 | Committed Person: (Please Print) Flint S Lee | ID #: 109509 |
| Present Facility: SHA | Facility where grievance issue occur s: SHA | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date: _____
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution

Where Issued: _____

- [ ] Disability
- [X] Other _DANGEROUS_ _ENVIRONMENT_ _TO ETC/SECOND_ _SMOKE_

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: THIS INFRINGEMENT BEING FORCED IS
due to the FAILURE OF the C.A.O to provide A
SMOKE FREE ENVIRONMENT
By the C.A.O'S FAILURE TO provide A NON-
SMOKING LIVING AND INSURING A SMOKE FREE
ENVIRONMENT AE'S FAILING TO INSURE MY HEALTH
SAFETY AND WEL-BEING ()

Relief Requested: _____

(Attach additional pages, if necessary.)

### COUNSELOR'S RESPONSE

Date Received: _____

Response: _____

Counselor: _____
Signature _____ Print Name _____ Date of Response _____

- [ ] Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

July

Exhibit (B)
(K)

DR. Julye
Shawnee C.C.
H.C.U

IN RE:  Dangerous Environment Due To
Second Hand Smoke.

Dear DR. Julye.

This letter comes to you to request
your help in establishing a non-smoking
environment / wing.

I am a severe asthmatic who is
housed in a smoking environment. Although
I am in a labeled non-smoking cell,
I have had cellmates who are smokers,
and although the cells 12-24 are con-
sidered non-smoking cells, 90% of the
inmates in these cells are smokers.

1.

I can smell the tobacco smoke coming through the vents from cell 15. And, although 12-24 are labeled non-smoking, the individuals in these cells are able to purchase tobacco products.

The non-smoking cells do not prevent the contamination of second hand smoke. And the ventilation system hasn't been cleaned since I've been on this wing, which furthers the contamination.

I have filed a grievance on this issue, but, as usual nothing has been done by the warden. It appears that since the warden is a smoker he could care less about non-smoking issues. I've also spoken to Asst. Warden Parks, the Director of Nurses, Dr. David, and my housing unit counselor concerning this matter (and wrote Dr. David)

Dr. Julye, I would appreciate your help in creating a safe — less life-threatening

2.

I Penilla do not need to be in a smoking environment. I would appreciate your help.

Respectfully

Hunt Lee
N95098
1-A-14

3.



**Illinois**
Department of
**Corrections**

George H. Ryan
Governor

Donald N. Snyder Jr.
Director

Shawnee Correctional Center / 6665 State Route 146 East / Vienna, IL 62995 / Telephone: (618) 658-8331 / TDD: (800) 526-0844

DATE:  JULY 19, 2001

TO:  INMATE: LEE

NUMBER  N95098_____  HOUSING UNIT  1-A-14_____

FROM:  ERNESTINE JULYE, M.D.

SUBJECT:  RECENT CORRESPONDENCE

I HAVE RECEIVED YOUR RECENT CORRESPONDENCE CONCERNING THE
FOLLOWING:

Smoking or Non-Smoking preference.

PLEASE NOTE THE FOLLOWING RESPONSE:

To obtain a smoking or non-smoking preference an inmate is to fill out a contract in front

of a witness. These contracts are available in each housing unit.

EJ/ws

CC:   Assistant Warden Winsor
      Medical Records
      File

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

DOC 0046

| Date: 7-9-02 | Committed Person: (Please Print) Flynt Jules Lee | ID#: N95098 |
|---|---|---|

| Present Facility: SHA | Facility where grievance issue occurred: SHA |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): _UNHEALTHY Living_

RECEIVED

- [ ] Disciplinary Report: ____/____/____
  Date of Report     Facility where issued

AUG 0 6 2002

SHAWNEE CORR. CTR
GRIEVANCE OFFICER

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complaint: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: The nature of this grievance address failure, betrial and total disregard of
Shawnee cor cnt. CAC to provide a
earthly habilitative environment here in the
transfer cor. cnt. housing units and cells.
which endangers my overall health and
safety.
Houston unit 1-A-wing (and more than likely
the entire unit) has no ventilation system
working to extract the EPS (Read and What

Relief Requested: That immediate corrective steps be
taken to insure a healthly and habilitative
environment, to insure my overall health and safety

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Flynt Lee          N95098          7-9-1002
Committed Person's Signature     ID#     Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7/29/02

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Response from Larry McDull received on
8/2/02 and discussed w/ inmate on 8/5/02
Inmate wishes to pursue

Gary Eichhorn          Gary Eichhorn          8/2/02
Print Counselor's Name     Counselor's Signature     Date of Response

---

**EMERGENCY REVIEW**

Date Received: 7/22/02

Is this determined to be of an emergency nature?

- [ ] Yes: expedite emergency grievance
- [x] No: an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

          7/22/02
Chief Administrative Officer's Signature     Date

ILLINOIS ~~ARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**                    DOC 0047

| Grievance Officer's Report |
|---|

Date Received _8 / 3 / 02_    Date of Review _9 / 6 / 02_    Grievance # (optional) _____

Committed Person: _____ Lee _____    ID#: _V95C98_

Nature of Grievance: _Conditions_

_____

_____

F~ ts Reviewed: _Inmates written statement claiming ventilation_
_System in housing unit is not working._

_____ _Chief Engineer's statement that two exhaust fans_
_were checked + found not working. Repairs were completed_
_9-5-02._

Recommendation: _Repairs completed. Issue considered resolved._

_Rosemary Rouse_                    _Rouse_
Print Grievance Officer's Name            Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: _9-18-02_    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments _____

_(signature)_                    _9 / 18 / 02_
Chief Administrative Officer's Signature            Date

| Committed Person's Appeal To The Director |
|---|

~ ~ ing the Chief Administrative Officer's decision to the Director  I understand this appeal must be submitted within 30 days after the date of the ~ ~inistrative Officer's decision to the Administrative Review Board, P O  Box 19277, Springfield, IL 62794 9277  (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents )

_____    _____    __/__/__
Committed Person's Signature            ID#            Date

**Illinois**
Department of
**Corrections**

George H. Ryan
Governor

Donald N. Snyder, Jr.
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD  (800) 526-0844

July 6, 2001

Flynt J. Lee
Register No. N95098
Shawnee Correctional Center

Dear Mr. Lee:

This is in response to your grievance received on May 30, 2001, regarding Cell Assignment-non-smoking, which was alleged to have occurred at Shawnee Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated April 30, 2001 and approval by the Chief Administrative Officer on May 1, 2001 have been reviewed.

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____
Leora Harry
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:    Warden Donald S. Young, Shawnee Correctional Center
       Flynt J. Lee, Register No. N95098
       Chron. File



**George H. Ryan**
Governor

**Illinois**
Department of
**Corrections**

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 10, 2001

Flynt Lee
Register No. N95098
Shawnee Correctional Center

Dear Mr. Lee:

This is in response to your grievance received on June 28, 2001, regarding conditions (second hand smoke), which was alleged to have occurred at Shawnee Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated June 20, 2001 and approval by the Chief Administrative Officer on June 21, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD:
Leora Harry
Administrative Review Board
Office of Inmate Issues

CONCURRED:
Donald N. Snyder, Jr.
Director

cc:   Warden Donald S. Young, Shawnee Correctional Center
      Flynt Lee, Register No. N95098
      Chron. File

**George H. Ryan**
Governor

# Illinois
## Department of
# Corrections

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 1, 2002

Flynt Lee
Register No. N95098
Shawnee Correctional Center

Dear Mr. Lee:

This is in response to your grievance received on July 17, 2002, regarding administrative decision (cell placement), which was alleged to have occurred at Shawnee Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated June 16, 2002 and approval by the Chief Administrative Officer on June 26, 2002 have been reviewed.

In accordance with Department Rule 504.850, this office has determined that the grievance is without merit; therefore, no action will be taken.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:   Warden Donald S. Young, Shawnee Correctional Center
      Flynt Lee, Register No. N95098
      Chron. File