UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLYNT JULES LEE,<br><br>   Plaintiff,<br><br> v.<br><br>DONALD YOUNG, MIKE HICKS,<br>MELINDA FIELDS, STEVEN CAGLE, and<br>DONALD N. SNYDER,<br><br>   Defendants. | Case No. 02-cv-281 -JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  This matter comes before the Court on Magistrate Judge Wilkerson's Report and Recommendation ("R & R") (Doc.155), in which he recommends that the Court deny in part and grant in part Defendants's Motion for Summary Judgment. (Doc.144). Defendants have objected to various parts of the R & R. (Doc. 156). For the following reasons, the Court will **ACCEPT IN PART AND REJECT IN PART** Judge Wilkerson's R & R.

### BACKGROUND

  The parties have not taken issue with Judge Wilkerson's factual findings, so the Court need not make independent findings or recite the facts with exacting precision. However, a basic understanding of the facts is necessary to understand the substance of Defendants's objection.

  Plaintiff Flynt Jules Lee (Lee) is a former inmate of the Illinois Department of Corrections (DOC). He has suffered from chronic asthma since childhood. During the period of his incarceration, his asthma progressed from being classified by his doctors as "mild" to a classification of "severe" or "acute." In 1998, while an inmate at a DOC facility not named in

this suit, Lee was hospitalized for respiratory failure. During the period of time in issue, Lee was prescribed a variety of medications to control his asthma, and participated in an asthma clinic.

Over the years, Lee has repeatedly complained that exposure to second-hand smoke, or environmental tobacco smoke (ETS), exacerbates his asthma. Upon his placement in Shawnee Correctional Center (SCC) in January 2001, Medical Director, Dr. Alphonso David, determined that he should be placed in the medical wing for "medical reasons." In July of that same year, a medical doctor reviewing Lee's chart found no medical problem "which would necessitate special housing placement." Lee repeatedly complained of the effects of the ETS to his doctors and at the asthma clinic. However, after July 2001 no doctor ever recommended special housing placement for Lee or recommended that Lee be medically transferred to another facility.

When he moved out of the medical wing, Lee requested and obtained placement in a non-smoking cell. Shawnee allows inmates to request placement in non-smoking cells (cells 12-24 of each housing unit), but does not have a non-smoking wing.

Lee filed repeated complaints through SCC's grievance process complaining that his cellmate smoked in their non-smoking cell, that the exhaust fans on his wing were not functioning properly, and that ambient smoke from nearby smoking-permitted cells was invading his cell, thus denying him a truly smoke-free environment. Repairs were made to the exhaust fans and Defendant Cagle issued a disciplinary ticket to Lee's cellmate for smoking in a non-smoking cell. However, SCC refused to implement a non-smoking wing, or approve a transfer of Lee to another institution that had a non-smoking wing. SCC also took no steps to stop the commissary from selling tobacco products to inmates who lived in non-smoking cells.

Lee filed this action alleging that SCC violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants seek summary judgment on the grounds that no Eighth Amendment violations occurred, and on the grounds that they are entitled to qualified immunity from suit. Defendant Snyder requested summary judgment on the grounds that he had done nothing to subject him to individual liability. Judge Wilkerson recommended that summary judgment be granted as to Defendant Snyder in his personal capacity, but be denied on the questions of whether Lee's Eighth Amendment rights were violated and whether Defendants are entitled to qualified immunity.

## ANALYSIS

The Court must review *de novo* the portions of the R & R to which the parties object. Fed.R.Civ.P. 72(b). After reviewing the R & R, the Court may accept, reject or modify, in whole or in part, the judge's findings or recommendations. *Id*. In its discretion, the Court may conduct a new hearing, consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir.1999).

Defendants did not object to the recommendation that Defendant Snyder be granted summary judgment and be dismissed from the action. The Court finds no clear error and accepts and adopts in full Judge Wilkerson's recommendation on this issue.

**I.      Deliberate Indifference to a Serious Medical Need**

Judge Wilkerson found that Lee had tendered evidence sufficient to survive summary judgment that Defendants had shown deliberate indifference to Lee's serious medical needs in

violation of the Eighth Amendment.  The Court cannot agree and rejects Judge Wilkerson's recommendation on this issue.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Estelle v. Gamble,* 429 U.S. 104 (1976).  In order to prevail on this claim, the plaintiff must show that his condition was "objectively, sufficiently serious" and that "prison officials acted with a sufficiently culpable state of mind."  *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (internal citations ommited).

> A. **Exposure to ETS May Have Aggravated Lee's Asthma to the Point Where it Constituted a Serious Medical Need**

An aggravation of chronic asthma due to ETS may be enough to constitute a "serious medical need" requiring attention.  *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (holding that complaint alleging aggravation of chronic asthma due to ETS could be shown to constitute a serious medical need).  As the R & R was issued in response to a motion for summary judgment, the reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

Judge Wilkerson found, and the Court agrees, that the combination of the worsening of Lee's asthma during the period of his incarceration taken in conjunction with his complaints about ETS could permit a reasonable trier of fact to conclude that Lee's exposure to ETS caused Lee's asthma to worsen to the point where it became a "serious medical need."

> B. **Defendants Were Not Deliberately Indifferent to Lee's Needs**

A prisoner raising an Eighth Amendment claim must show that he not only suffered, but that prison officials inflicted the suffering, either deliberately or recklessly. *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough; the conduct must be reckless in the criminal sense. *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994); *Duckworth*, 780 F.3d at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Construing the facts in the light most favorable to Lee, he cannot make that showing.

In determining the best way to handle inmate's medical needs, prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals. *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). Additionally, prison officials are expected to "act responsibly under the circumstances that confront them," but are not required to act flawlessly. *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004).

Lee submits no evidence that any action determined to be necessary by the medical staff was not taken by the Defendants. Lee was given access to doctors, the asthma clinic, and the medications prescribed by his doctors. When a prison doctor recommended Lee be moved to the medical wing, he was moved to the medical wing. When a prison doctor found no reason to keep him there, Lee was moved out.

Additionally, although Lee was dissatisfied with the outcome of Defendants's actions, he cannot say that they did not act to try to provide him a smoke-free environment. When Lee requested a non-smoking cell, he got it. When Lee complained about the ventilation system, it was repaired. When Lee complained that his cellmate was smoking in their non-smoking cell, his cellmate was issued a disciplinary ticket. In short, even drawing all reasonable inferences in

Lee's favor, no reasonable trier of fact could find that Defendants acted with deliberate indifference to Lee's serious medical needs. Accordingly, Defendants are entitled to summary judgment on this issue, and the Court rejects Judge Wilkerson's recommendation that it be denied.

## II.     Qualified Immunity

Judge Wilkerson also found that disputed questions of fact as to whether Lee's Eighth Amendment rights were violated precluded Defendants from asserting an entitlement to qualified immunity. The Court finds that Judge Wilkerson misapplied the qualified immunity standard, and rejects his recommendation that Defendants's claim to it be denied.

Qualified immunity is a defense available to government officials performing discretionary functions which affords them protection from civil liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the absence of conduct which clearly violates an individual's constitutional rights, qualified immunity attaches. *Id*. The existence of qualified immunity is a question of law. *Maltby v. Winston*, 36 F.3d 548 (7th Cir. 1994). Plaintiffs bear the burden of overcoming the invocation of qualified immunity. *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007).

A two-part test is used to analyze whether qualified immunity exists. First, the plaintiff must establish that the actions of the defendant violated his constitutional rights. *Triad Associates, Inc. v. Robinson*, 10 F.3d 492, 496 (7th Cir. 1993). Second, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "It is insufficient for a plaintiff simply to point to a recognized constitutional right and claim that the right has been

violated." *Borello v. Allison*, 446 F.3d 742, 750 (7th Cir. 2006). Rather, the plaintiff must show that a violation of that right has been found in factually similar cases, or that the violation was so clear that a government official would have known that his actions violated the plaintiff's rights even in the absence of a factually similar case. *Id*.

Lee cannot meet either part of this two-part test. First, as analyzed above, Lee cannot establish that Defendants's failure to provide a completely smoke-free environment for him, in the absence of an indication from medical personnel that it was necessary, violated his Eighth Amendment rights. Second, even if Lee could somehow establish that such a failing is an Eighth Amendment violation, Defendants would not have known that at the time of their actions, either because the violation was an obvious one or through rulings on factually similar cases. Accordingly, Defendants are entitled to qualified immunity, and the Court rejects Judge Wilkerson's recommendation that summary judgment on this issue be denied.

## CONCLUSION

The Court **ACCEPTS IN PART AND REJECTS IN PART** Judge Wilkerson's R & R (Doc. 155). The Court accepts Judge Wilkerson's findings of fact and conclusions of law regarding the personal liability of Defendant Snyder. The Court rejects Judge Wilkerson's recommendation that summary judgment be denied, and further rejects Judge Wilkerson's conclusion that Defendants are not entitled to qualified immunity. The Court **GRANTS**

Defendants's Motion for Summary Judgment (Doc. 144). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: October 4, 2007**

                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**